906 So.2d 551 (2005)
Shane JARRELL and Tessa Jarrell, Individually, and on Behalf of Their Minor Daughters, Kelsey Hilbun and Shaneh Jarrell
v.
Bobby TRAVIS and ABC Insurance Company.
No. 2004 CA 0117.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*552 Gary N. Boutwell, II, J. Thomas Anderson, Hammond, Counsel for Plaintiff/Appellees Shane Jarrell and Tessa Jarrell, individually and on behalf of their minor daughters, Kelsey Hilbun and Shaneh Jarrell.
Arthur W. Landry, D. Ashbrooke Tullis, New Orleans, Counsel for Defendant/Appellant Louisiana Farm Bureau Casualty Insurance Company.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
In this suit involving an intentional acts exclusion in an insurance policy, the defendant insurer appeals a summary judgment finding that coverage exists. We reverse and remand.

FACTS AND PROCEDURAL HISTORY
On May 27, 2002, plaintiffs, Shane and Tessa Jarrell, were assisting the coach of their daughter's softball team during a game. After the game, Tessa stayed to help pick up equipment. Bobby and Suzanne Travis, the parents of another girl on the same team, were dissatisfied with their daughter's placement in the outfield during the game. Bobby approached the coach on the field, vocalizing his complaints, while Suzanne approached Tessa in the dugout to complain. Because Bobby's tirade was peppered with profanities, Ronald McMillan, an older man with multiple sclerosis who was the grandfather of a girl on the team, approached Bobby and attempted to calm him down. Bobby pushed Mr. McMillan away, knocking him to the ground. Tessa approached them, and Bobby yelled something to the effect that Tessa's "bastard child" always plays in the infield. Several witnesses testified that Tessa either slapped, lunged at, or pushed Bobby from behind, knocking him with a clipboard or bumping him with a bat. Bobby turned around swinging and punched Tessa in the face, rendering her unconscious. As a result of the punch, Tessa sustained severe injuries, including crushed cheekbones and orbital rim and a broken nose.
The Jarrells filed suit against Bobby and his insurer, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"). The Jarrells and Farm Bureau filed cross motions for summary judgment on the issue *553 of insurance coverage. The policy language at issue stated:
This policy does not apply:
(c) under Coverages A, B, and C, to injury, sickness, death or destruction, which is either expected, or intended from the standpoint of the insured. (Emphasis added).
After oral arguments on the motions for summary judgment, the trial court granted summary judgment in favor of the Jarrells based upon his finding that Bobby's conduct was a reaction to being hit from behind and not an intentional act. Farm Bureau filed the instant appeal, asserting that the trial court erred in granting summary judgment in favor of the Jarrells.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored in the law and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-92, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or the amount of damages. La. C.C.P. art. 966(E). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. A motion for summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
In Breland v. Schilling, 550 So.2d 609 (La.1989), the Louisiana Supreme Court interpreted an intentional injury exclusion, which was identical to the one at issue herein, and stated:

*554 [W]hen minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended "from the standpoint of the insured" within these parameters is a question of fact. Such factual determinations are the particular province of the trier of fact, in this instance the trial jury.
Bobby's subjective intent or expectation must be determined, not only from what he said or how he acted before, at the time of, and after his pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation. See West ex rel. West v. Watson, 37,100, pg. 8 (La.App.2d Cir.04/09/03), 843 So.2d 565, 570, writ denied, XXXX-XXXX (La.09/05/03), 852 So.2d 1043; Yount v. Maisano, 627 So.2d 148, 152 (La.1993).
The Jarrells contend, and the trial court concluded, that Bobby simply reacted to a situation without time to consider the consequences of his reaction, and thus his act was not intentional. On the other hand, Farm Bureau contends that the testimony from independent witnesses that this large man in his late forties punched a petite twenty-five year old woman in the face with a great deal of force proves that Bobby must have expected or intended the resultant injuries. The question of Bobby's subjective intent is obviously determinative of the outcome of this litigation, and based upon the facts of this case, summary judgment is inappropriate as to this issue.

CONCLUSION
We reverse the summary judgment rendered by the trial court in favor of the Jarrells on the issue of insurance coverage and remand this matter for further proceedings. All costs of this appeal are to be borne by plaintiffs, Shane and Tessa Jarrell.
REVERSED.