SUSAN M. CHEHARDY, Judge.
 

 laThis lawsuit arises out of an altercation between the fathers of two players in a Babe Ruth League baseball game. The defendant appeals a summary judgment that dismisses his claims against his insurer under the. policy’s intentional acts exclusion. We reverse the summary judgment and remand for further proceedings.
 

 FACTS
 

 The petition by Mark Baggett and his wife, Cynthia Baggett, against Richard J. Tassin and his homeowner’s insurer, Allstate Insurance Company, makes the following allegations: On May 24, 2006 Mark Baggett was attending his son’s Babe Ruth League baseball game, when “suddenly and without provocation” he was “physically struck by the defendant, Richard Tas-sin” and was “knocked with great force to the ground.” In addition to being battered and struck by the defendant, the plaintiff was “physically threatened and placed in reasonable apprehension of receiving further.injury” from Tassin “while he was incapacitated on the ground.” Baggett did nothing to “provoke or arouse” Tassin “to the point of physical confrontation or retaliation.” Baggett was “at no time an aggressor toward the defendant.” He sustained “severe and debilitating injuries” that required immediate medical attention.
 

 Tassin and his insurer, Allstate Insurance Company, filed separate answers.
 
 [1]
 
 
 *668
 
 In addition, Tassin
 
 filed
 
 a reconventional demand against Baggett, in which he made the following allegations:
 

 Tassin was attending a baseball game for his son and, while observing the game, he was “suddenly and without provocation physically struck” by Baggett’s minor son. In addition, Baggett and his minor son “physically threatened” Tassin and his minor son, and “placed them in reasonable apprehension of receiving injury” from Baggett and his minor son. “At no time” did Tassin or his minor son “in any way provoke or arouse” Baggett or his minor son “to the point of physical confrontation and retaliation.” “At all times Mark Bag-gett was the aggressor toward ... Tassin and his minor son.... ” Tassin alleged he sustained general damages and medical expenses. In addition, he was charged criminally “as a result of false and frivolous allegations” by Baggett, and incurred expenses in defense of the criminal charge, as well as mental and physical pain and suffering.
 

 Allstate filed a motion for summary judgment based on its policy exclusion for intentional acts. Allstate pointed out the following deposition testimony:
 

 Baggett testified as follows: He has been disabled from work since 1996 and uses a cane to walk. On the date of the incident he was attending his son’s baseball game, sitting behind home plate on the lowest row of the bleachers. At one point the catcher (Tassin’s son) turned back toward Baggett and asked if he had a problem. When the inning was over, Baggett walked over toward the dugout. As Tas-sin’s son came into the dugout he began to scream at Baggett, telling him to go sit back on the bleachers. Still standing outside the dugout, Baggett began to turn away from Tassin’s son, when he was hit and fell to the ground. He was struck in the back of the neck, and Tassin’s full body weight went |4on top of him, causing Bag-gett to fall to the ground. He was beaten while still on the ground. Others on the scene pulled Tassin off Baggett.
 

 Tassin gave the following testimony: He noticed that Baggett from the bleachers was telling Tassin’s son, who was catcher, that he was making too many mistakes. Tassin felt his son was being badgered by Baggett. It occurred six or seven times during the inning. When the inning ended, Baggett walked over to the dugout. A couple of seconds later Tassin heard his son yelling. Baggett was outside the dugout, hanging on the dugout fence. Tassin began to walk toward Baggett. Tassin had not said anything to Baggett earlier, nor did he say anything as he began to walk toward him. As Tassin approached Baggett, he heard Baggett call Tassin’s son a “smart-ass little motherfucker.” Baggett then turned and walked a couple of steps toward Tassin as if he were going to go into the dugout, the gate of which was about eight feet away. Tassin then pushed Baggett at the shoulders, causing him to fall to his knees. Tassin admitted he stood over Baggett, preventing him from getting up, but denied he struck Bag-gett again. Tassin testified that when he pushed Baggett he was trying to prevent Baggett from attacking his son.
 

 Tassin explained that as he heard Bag-gett curse his son, he got “pissed off,” and made the decision to push Baggett to the ground. He said he did not want Baggett getting into the dugout. The deposition testimony established that the dugout gate was eight feet away and Tassin was between Baggett and the gate.
 

 The provision on which Allstate relies states as follows:
 

 
 *669
 
 We do not cover any bodily injury ... intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, the insured person. This exclusion applies even if:
 

 a) such insured person lacks the mental capacity to govern his or her conduct;
 

 | Bb) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
 

 c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
 

 This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.
 
 [2]
 

 Allstate listed the following uncontested material facts:
 

 1. Plaintiff Baggett and defendant Tas-sin were attending their sons’ Babe Ruth baseball game at Jefferson Playground.
 

 2. Defendant Tassin got angry at plaintiff Baggett when he cursed out his son and pushed Baggett to the ground and stood over him, keeping him from getting up until he was pulled off of Baggett by others at the playground.
 

 Allstate asserted that the incident, as described by both the plaintiff and the defendant, demonstrated a “clear intentional attack,” which precludes coverage under the policy.
 

 Tassin’s Statement of Contested Material Facts listed the following:
 

 1. Whether the defendant Tassin ... with the palms of his hands, merely pushed plaintiff Baggett at the at his shoulders, to prevent plaintiff from entering the dugout where defendant’s son was located, after witnessing plaintiff say to defendant’s son, “You smart ass little mother fucker” and fearing that plaintiff was going to attack his son.
 

 2. Whether Tassin merely stood over Baggett after Baggett fell to the ground because he thought Baggett was going to get up and attack his son.
 

 Tassin argued there is a genuine issue of material fact as to whether he acted in self-defense.
 

 The trial court granted summary judgment, dismissing Allstate with prejudice, and Tassin appeals.
 

 |fiLAW AND ANALYSIS
 

 On appeal Tassin asserts the trial court erred in granting summary judgment because there are genuine issues of material fact as to whether Tassin acted in order to prevent Baggett from harming Tassin’s son and whether his actions were intentional.
 

 A motion for summary judgment should be granted when there exists no genuine issue of material. fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. An appellate court reviews a grant or denial of a motion for summary judgment
 
 de novo. Bonin v. Westport Ins. Corp.,
 
 2005-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. Thus, in determining whether summary judgment is appropriate we ask the same questions as the trial court: whether there is any genuine issue of material fact, and whether
 
 *670
 
 the mover is entitled to judgment as a matter of law.
 
 Id.
 

 In
 
 Graphia v. Schmitt,
 
 08-613 (La.App. 5 Cir. 1/13/09), 7 So.3d 716, this Court reversed a summary judgment based on an intentional acts exclusion. The plaintiff, Graphia, alleged that as he was leaving defendant Schmitt’s home, Schmitt sneaked up behind him and began beating him. Schmitt raised self-defense as an affirmative defense, and brought a reconventional demand alleging fault on the part of Graphia, with a third-party demand against his own homeowner’s insurer, USAA. USAA sought summary judgment based on the intentional acts exclusion of its policy, which stated, “Coverage E— Personal Liability ... [does] not apply to bodily injury or property damage ... caused by the intentional or purposeful acts of any insured, including conduct that would reasonably be expected to result in bodily injury to any person or property damage to any property.” The trial court granted summary judgment to USAA.
 

 |7On appeal this Court reversed, stating, “Based on Schmitt’s version of the accident, there is at least an issue of fact of whether Schmitt intended his actions or whether his conduct would reasonably be expected to result in bodily injury to
 
 Graphia.” Graphia,
 
 08-613 at p. 7, 7 So.3d at 720. The
 
 Graphia
 
 opinion cited
 
 Breland v. Schilling,
 
 550 So.2d 609, 614 (La.1989), which held that in interpreting an intentional act exclusion, the insured’s subjective intent regarding bodily injury, as measured by the fact finder, controls whether coverage applies.
 

 We are bound by
 
 Graphia
 
 to consider whether the intentional act exclusion in this case did not unambiguously exclude coverage for the incident as a matter of law.
 

 In
 
 Inzinna v. Walcott,
 
 2002-0582 (La. App. 1 Cir. 11/21/03), 868 So.2d 721, as in this case, the defendant’s insurer was Allstate. The language of the intentional acts exclusion of the policy was the same as the language in this policy. The defendant there was visiting a bar with friends. While the plaintiff was standing, the defendant slid away a chair that had been behind the plaintiff, intending to sit in it himself because he had been sitting in it earlier. The plaintiff fell to the floor and, on arising, shoved the defendant. The defendant then sharply punched the plaintiff in the face. The appellate court found the punch thrown by the defendant was reactionary in response to the plaintiffs aggressive shove, and deemed the defendant’s actions to be negligent.
 

 The first circuit held that the intentional act exclusion did not apply because the defendant’s actions amounted to a “negligent reaction.” The court stated,
 

 A punch in and of itself is not conclusive evidence that an intentional acts exclusion applies. Likewise, acting in self-defense does not automatically negate the application of an intentional acts exclusion. [Citations omitted.]
 

 The subjective intent of the insured is the critical issue in determining whether an intentional acts exclusion applies. Further, this subjective intent is a factual determination that is the particular province of the trier of fact.
 

 The concept of intent requires a thought process, resulting in the resolution to commit a particular act. In the instant case,
 
 Mr. Walcott had no opportunity for reflection and acted spontaneously and instinctively to a sudden physical encounter, without time to form the requisite intent to commit a specific act.
 
 In considering these facts, we recognize that the instinct of self-preservation is primordial. [Emphasis added.]
 

 
 *671
 
 [T]he issue of intent is a fact-intensive issue.... It is the totality of the circumstances that determines subjective intent rather than any one factor; therefore, individual circumstances must be examined on a case-by-case basis.
 

 Inzinna,
 
 2002-0582 at 7-8, 868 So.2d at 726.
 

 A person’s subjective intent or expectation must be determined not only from what he said or how he acted before, at the time of, and after his pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation.
 
 Jarrell v. Travis,
 
 2004-0117, p. 5 (La.App. 1 Cir. 2/11/05), 906 So.2d 551, 554;
 
 see also, Yount v. Maisano,
 
 627 So.2d 148, 152 (La.1993).
 

 Whether a person “simply reacted to a situation without time to consider the consequences of his reaction,” so that his act was not intentional, or whether his act demonstrates he “must have expected or intended the resultant injuries,” the question of his “subjective intent is obviously determinative of the outcome of this litigation, and based upon the facts of this ease, summary judgment is inappropriate as to this issue.”
 
 Jarrell v. Travis, supra.
 

 We find there are genuine issues of material fact that preclude summary judgment. Here, as in
 
 Graphia,
 
 there is a question whether Tassin acted in self-defense/defense of another (his son), rather than as an aggressor. Was his act a spontaneous and instinctive move to defend his minor son from a perceived attack 19by an adult, or did he intend his act or the injury that resulted or may reasonably have been expected to result from it? The language of the intentional act clause does not specify self-defense/defense of others within its exclusion. Therefore, this is a genuine issue of fact that remains to be determined. The case is not ripe for summary judgment.
 

 For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed against the appellee, Allstate Insurance Company.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Tassin and Allstate have separate counsel, presumably due to the conflict of interest
 
 *668
 
 posed by Allstate's coverage defense.
 

 [2]
 

 . The clause is in Section II, "Family Liability and Guest Medical Protection," under "Coverage X, Family Liability Protection, Losses We Do Not Cover Under Coverage X.”