782 So.2d 1029 (2001)
Jennifer HOOPER
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Pablo Rosales, Susan M. Napolitano d/b/a Trauth Insurance Agency, Kenny's Key West, Inc. and Kenneth J. Vincent.
No. 00-CA-1509.
Court of Appeal of Louisiana, Fifth Circuit.
January 23, 2001.
*1030 Ivan A. Orihuela, Irvin & Orihuela, L.L.C., New Orleans, LA, for defendant-appellant, Pablo Rosales.
Christopher E. Lawler, W. Richmond Beevers, Donovan & Lawler, Metairie, LA, for defendant-appellee, State Farm Mutual Automobile Insurance Co., et al.
Court composed of Judges DUFRESNE, JAMES C. GULOTTA, Pro Tempore and WALTER ROTHSCHILD, Pro Tempore.
WALTER ROTHSCHILD, Judge Pro Tem.
Plaintiff, Jennifer Hooper, filed this lawsuit on March 31, 1997, alleging that she was struck in the face by the defendant, Pablo Rosales (Rosales), causing her injury. At the time of the incident complained of by the plaintiff, Rosales was insured by Allstate Insurance Company (Allstate) under a homeowner's insurance policy and Allstate was also named as a defendant in the case. Allstate filed a motion for summary judgment claiming that their policy did not provide coverage to Rosales because the policy excludes coverage for intentional and/or criminal acts. The trial court granted Allstate's motion and dismissed all claims against them, with prejudice. Rosales appeals this judgment of the trial court. For the reasons which follow, we affirm.

FACTS
On May 13, 1996, Rosales and his girlfriend were patrons at a nightclub, known as Kenny's Key West. The plaintiff, Jennifer Hooper (Hooper), was also a patron of the nightclub at that time. In his deposition, Rosales testified that he saw Hooper bump into his girlfriend and an argument began. He then entered the dispute by striking Hooper in the face with his fist. Hooper did not attempt to strike Rosales before he struck her. Rosales testified that he struck Hooper in an effort to protect his girlfriend who had recently had a baby and was unable to defend herself. Rosales used no other method of restraint before striking Hooper.
*1031 After striking Hooper, Rosales left the nightclub without his girlfriend to avoid arrest. He later returned and was arrested. Criminal charges were brought against Rosales and he pled guilty to the simple battery of Hooper, a violation of LSA-R.S. 14:35, and he was sentenced by the court. Although Rosales suggests in his brief and deposition that he was protecting his girlfriend by striking Hooper and therefore, the assault upon Hooper was justified, he abandoned any self-defense or defense of others justification at oral argument. Rosales contends that when he struck Hooper, he did not have the specific intent to cause the injuries that ensued and, therefore, his actions were not excluded under the intentional/criminal acts exclusion in the Allstate policy. He asserts that his intent is a material issue of fact which can only be assessed by the trier of fact and that summary judgment is inappropriate in this case.

ASSIGNMENTS OF ERROR
Rosales assigns the following as error:
1. The District Court erred when it granted Allstate's Motion for Summary Judgment at a time when genuine issues of material fact remained as to whether the relevant Allstate home insurance policy provided coverage for the alleged incident and alleged injuries at issue.
2. The District Court erred when it granted Allstate's Motion for Summary Judgment when a trial on the merits is warranted in this matter because genuine issues of material fact remain.
3. The District Court erred when it granted Allstate's Motion for Summary Judgment even though Allstate had failed to meet its burden under summary judgment law.
4. The District Court erred when it granted Allstate's Motion for Summary Judgment even though the criminal acts exclusions relied upon by Allstate to deny coverage is ambiguous.
5. The District Court erred when it granted Allstate's Motion for Summary Judgment even though genuine issues of material fact remain as to whether the relevant Allstate home insurance policy provides coverage to defendant, Pablo Rosales, for the alleged incident and alleged injuries at issue.
6. The District Court erred when it considered inadmissible evidence in granting Allstate's Motion for Summary Judgment.

LAW AND DISCUSSION
In Louisiana, summary judgment is now favored and it shall be used to secure the just, speedy, and inexpensive determination of all actions, except those specifically excluded in LSA-C.C.P. Art. 969. LSA-C.C.P. Art. 966(A)(2). A summary judgment shall be rendered if the pleadings, depositions, interrogatory responses, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(B). Material facts are those that have the potential to insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Rambo v. Walker, 96-2538 (La.App. 1 Cir. 11/7/97), 704 So.2d 30, 32. Appellate courts review summary judgments de novo applying the same criteria as the trial court to determine whether summary judgment is appropriate. Herndon and Associates v. Gettys, et al., 95-206 (La.App. 5 Cir. 7/25/95), 659 So.2d *1032 842. Accordingly, we undertake a de novo review of this appeal.
The homeowner's policy provided to Rosales by Allstate contains the following provision:
"Losses We Do Not Cover Under Coverage X:
1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intensional or criminal acts or omissions of, any insured person. This exclusion applies even if:
a) such insured person lacks the mental capacity to govern his or her own conduct;
b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime."
Where the language in an insurance policy is clear and express, the policy and all of its provisions shall be enforced between the parties because the policy is the law between the parties. Schmieder v. State Farm Fire & Casualty Company, 339 So.2d 390 (La.App. 1 Cir.1976).

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO AND FIVE
Rosales contends that the trial court erred when it granted Allstate's motion for summary judgment because genuine issues of material fact remain. As stated earlier, facts are material if they have the potential to insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Rambo v. Walker, supra at 32.
Rosales asserts that he did not intend to cause the injuries that Hooper suffered. Intent is difficult to determine and the trier of fact must look to all of the surrounding circumstances to determine a person's intent at the time of the act in question. An act is intentional when the actor consciously desires the physical result of his act or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Ballex v. Naccari, 95-1339 (La.App. 4 Cir. 9/15/95), 663 So.2d 173, 175.
In Menson v. Taylor, 99-0300 (La.App. 1 Cir. 4/17/00), 764 So.2d 1079, the First Circuit addressed a similar situation to this one, where the defendant asserted that he did not intend to injure the victim. The Court considered a homeowner's insurance policy exclusion for willful and malicious acts and held that it was immaterial whether the defendant intended the actual resulting injury to plaintiff. Rather, the exclusion applied to conduct showing a conscious indifference to the consequences with knowledge that harm would follow. The exclusion applied to conduct that was intentional, wrongful, and without just cause or excuse, whether the resulting injuries were intended or not.
In Williamson v. Kovac, 91-485 (La. App. 5 Cir.12/11/91), 591 So.2d 788, the Court held that summary judgment was properly granted in favor of a bar's insurer where the insurance policy excluded coverage for assault and battery and where there was no evidence presented which would bring into doubt the intent of the perpetrator relative to the intentional battery.
*1033 It is clear that when a man strikes a woman in the face with a closed fist he will cause damage, perhaps severe and very painful damage. In the instant case, Rosales struck Hooper, without provocation or warning, in the face with a closed fist causing her injury. There has been no evidence presented in this case to support Rosales' contention that he did not intend to cause Hooper's injuries or that a reasonable person would not expect that such injuries were substantially certain to follow such actions. It is clear that the battery that Rosales inflicted on Hooper was wrongful and without just cause or excuse and that Rosales intended or reasonably should have expected to cause injury to Hooper. Accordingly, we find no genuine issue of material fact regarding Rosales' intent, and the appellant's assignments of error numbers one, two, and five are without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Rosales contends that the trial court erred in granting Allstate's motion for summary judgment because Allstate failed to meet its burden under summary judgment law. In a motion for summary judgment, the burden of proof is on the movant to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(C)(2). In this case, Allstate has established that the provisions of the insurance policy exclude coverage for Rosales' acts and the resulting injuries because there is no doubt that Rosales intended to cause injury to Hooper. Therefore, there are no genuine issues of material fact in this case and Allstate has met its burden under summary judgment law. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Rosales asserts that the trial court erred in granting Allstate's motion for summary judgment because the criminal acts exclusion in the policy is ambiguous. The policy excludes coverage for criminal acts or omissions of the insured even if the bodily injury is of a different degree or kind than intended or reasonably expected. The exclusion further provides that coverage is excluded for criminal acts whether or not the insured is actually charged with or convicted of a crime.
In this case, Rosales committed a battery upon Hooper. He was charged and pled guilty to simple battery in a court of law. He clearly committed a criminal act for which coverage is excluded by the Allstate policy. If an exclusionary clause in an insurance policy is ambiguous, the law requires that the policy be interpreted liberally in favor of coverage. Great American Insurance Company v. Gaspard, 608 So.2d 981, 984 (La.1992). However, if the wording of an insurance contract is clear and express, the agreement must be enforced as written; the court should not strain to find ambiguity or exercise inventive powers to create ambiguity where none exists. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029. We find that the policy provisions in the Allstate policy are clear and unambiguous. As such, they constitute the agreement between the parties, and they are enforceable as written. Accordingly, appellant's assignment of error number four is without merit.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, Rosales complains that the trial court should not have considered his criminal conviction for simple battery because it is inadmissible. *1034 He contends that LSA-C.E. Art. 609 prohibits its introduction into the record and therefore, it should not have been considered. LSA-C.E. Art. 609 provides as follows:
Art. 609. Attacking credibility by evidence of conviction of crime in civil cases
A. General civil rule. For the purpose of attacking the credibility of a witness in civil cases, no evidence of the details of the crime of which he was convicted is admissible. However, evidence of the name of the crime of which he was convicted and the date of conviction is admissible if the crime:
(1) Was punishable by death or imprisonment in excess of six months under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party; or
(2) Involved dishonesty or false statement, regardless of the punishment.
B. Time limit. Evidence of a conviction under this Article is not admissible if a period of more than ten years has elapsed since the date of the conviction.
C. Effect of pardon or annulment. Evidence of a conviction is not admissible under this Article if the conviction has been the subject of a pardon, annulment, or other equivalent procedure explicitly based on a finding of innocence.
F. Arrest, indictment, or prosecution. Evidence of the arrest, indictment, or prosecution of a witness is not admissible for the purpose of attacking his credibility.
LSA-C.E. Art. 609 prohibits the admissibility of criminal convictions for the purpose of attacking credibility. However, in this case, Allstate has not brought Rosales' credibility into question. Rosales admitted in his deposition that he struck Hooper in the face and that he pled guilty to the charge of simple battery. Allstate has not asserted that Rosales has failed to tell the truth regarding the incident in question and therefore, his credibility has not been attacked by Allstate and the admissibility of documentation regarding the criminal charges against him and his subsequent guilty plea are not inadmissible pursuant to LSA-C.E. Art. 609.
LSA-C.E. Art. 410 is entitled "Inadmissibility of pleas, plea discussions, and related statements" and it provides that evidence of a plea of nolo contendere is not admissible in a civil case, and a plea of guilty or nolo contendere which was later withdrawn or set aside is not admissible in a civil or criminal proceeding.
In Shephard v. Scheeler, et al., 96-1690 (La.10/21/97), 701 So.2d 1308[1], the Louisiana Supreme Court held that pleas of guilty to charges of negligent homicide and reckless operation of a motor vehicle which were entered by a juvenile in a proceeding arising from an automobile accident were admissible as an admission against interest relevant to show fault in a subsequent civil action arising from the accident. The Court further noted that a plea of nolo contendere has no effect beyond the case in which it is entered, but the pleas were admissible in that case because they were guilty pleas.
Rosales pled guilty, not nolo contendere, to the charge of simple battery. His plea *1035 of guilty to simple battery upon the person of Hooper is an admission against interest which is relevant to the instant case. The record does not reflect that this plea was withdrawn or set aside. Therefore, evidence of his guilty plea is admissible against him in these proceedings. Accordingly, the trial judge did not err in admitting and considering the evidence of Rosales' guilty plea, and appellant's assignment of error number six is without merit.
For the foregoing reasons, the judgment of the trial court granting Allstate's motion for summary judgment and dismissing all claims against them is affirmed.
AFFIRMED.
NOTES
[1] In this opinion, the Louisiana Supreme Court remanded the case back to the trial court for further proceedings. However, the remand and the subsequent actions in this case did not involve the admissibility of the guilty pleas.