953 So.2d 900 (2007)
Randi CANTERBERRY, Individually and as Natural Tutrix of Her Minor Son, Vincent Russell, Plaintiffs-Appellants
v.
Kelly CHAMBLEE, as Natural Tutrix on Behalf of Her Minor Son, Dustin W. Spruell and Louisiana Farm Bureau Casualty Insurance Company, Defendants-Appellees.
No. 41,940-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
*902 Hudson, Potts & Bernstein by Charles W. Herold, III, Monroe, for Appellants Randi Canterberry and Vincent Russell.
Nelson, Zentner, Sartor & Snelling by Thomas G. Zentner, Jr., Allison M. Jarrell, Monroe, Counsel for Appellee Louisiana Farm Bureau Casualty Ins. Co.
Crawford & Joyce, by Jefferson B. Joyce, Monroe, for Appellee Dustin W. Spruell.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) obtained a summary judgment dismissing all claims of the plaintiff, Randi Canterberry, on the basis of an intentional act exclusion in the homeowner's policy. On appeal, Canterberry asserts there are genuine issues of material fact concerning applicability of the exclusion, which she also argues is ambiguous. For the following reasons, we affirm the trial court's judgment.

FACTS
In May 2004, Randi Canterberry, individually and as tutrix of her minor son, Vincent Russell, filed suit against Kelly Chamblee, individually and as tutrix of her minor son, Dustin Spruell, as well as against Farm Bureau, for injuries received by Russell in an unprovoked attack by Spruell. Farm Bureau provided homeowner's liability insurance coverage to Chamblee and residents of her home, including Spruell. The original petition asserted negligent injury by Spruell, but a supplemental petition alternatively alleged Spruell's actions were intentional, willful, and malicious. A second supplemental petition added Spruell's father as a defendant, and a third added Spruell, who had become a major by then.
In March 2006, Farm Bureau filed a motion for summary judgment asserting that the homeowner's policy did not provide coverage for bodily injury or property damage resulting from intentional acts. The policy's personal liability coverage exclusion relied upon by Farm Bureau provided that the coverage did not apply to "bodily injury or property damage resulting from intentional acts or directions by you or any insured. The expected or unexpected results of these acts or directions are not covered." Acknowledging the dispute as to whether Spruell's punches or kick caused Russell's injuries, Farm Bureau asserted the dispute did not create a material issue of fact. Regardless of whether the punches or the kick broke Russell's nose, there was no question that Spruell intentionally struck Russell and caused the resulting injury.
Canterberry opposed the motion for summary judgment, arguing that a factual dispute existed as to how Russell's injury occurred. Canterberry asserted the injury could have been caused by either a kick or a punch. She further asserted that the kick was the more likely cause of the injury, that Spruell did not intend to injure Russell, and that the kick was not intentional but was an attempt by Spruell to gain his balance after being grabbed from behind and pulled away from Russell.
Exhibits offered by the parties included a copy of the Farm Bureau policy, as well as excerpts from the depositions of Spruell, Russell, and Jacob Ford, who witnessed the incident. Counsel for Canterberry *903 and Russell admitted in argument that Spruell indicated in his deposition that he intended to punch Russell, but counsel argued that Spruell never stated he intended to kick him. Canterberry's counsel also argued that ambiguity in the policy language and the dispute as to whether the kick or punch caused the injury created a material issue of fact as to whether Spruell intentionally injured Russell.
On the other hand, Farm Bureau's counsel argued that the unambiguous policy language excluded coverage regardless of whether the injury was caused by the punch or the kick. Moreover, counsel pointed out that Spruell never said in his deposition that he did not intend to kick Russell; rather, Spruell admitted kicking Russell. Counsel argued that even if the resulting injury was from the kick, the policy still did not provide coverage.
After taking the matter under advisement, the trial court granted Farm Bureau's motion for summary judgment. The court stated in a written ruling that exclusions like the one at issue are designed to prevent an insured from acting wrongfully with the security of knowing that the insurance company will pay the bill for the damages. The court further found it clear that Spruell "intended" to both punch and kick Russell. The court pointed out that nowhere in his deposition did Spruell suggest the kick was "unintended.," but that the contrary was indicated. The court concluded that Spruell's intentional acts of hitting and kicking Russell were sufficient to trigger the policy's exclusion.

DISCUSSION
A summary judgment is subject to de novo review on appeal under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.11/28/01), 800 So.2d 783; Debrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App. 2d Cir.04/06/05), 900 So.2d 253. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The procedure is favored under Louisiana law and shall be construed to accomplish these ends. Id. Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Material facts are those with the potential to insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the dispute. Hooper v. State Farm Mutual Automobile Ins. Co., 00-1509 (La.App. 5th Cir.1/23/01), 782 So.2d 1029. Summary judgment declaring lack of coverage under an insurance policy is not appropriate unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Westerfield v. LaFleur, 493 So.2d 600, 605 (La. 1986).
Insurance policies are contracts between the parties and should be interpreted using the general rules of interpretation of contracts set forth in the Civil Code; if the words of the policy are clear and explicit and lead to no absurd consequences, the policy must be enforced as written. Hill v. Shelter Mutual Ins. Co., 05-1783 (La.7/10/06), 935 So.2d 691. Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Herzog Contracting *904 Corp. v. Oliver, 40,342 (La.App. 2d Cir.12/16/05), 918 So.2d 516, writ denied, 06-0154 (La.4/24/06), 926 So.2d 542. However, insurance companies may limit coverage in any manner they choose, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds, supra; Norwood v. Van Veckhoven, 34,891 (La.App. 2d Cir.6/22/01), 792 So.2d 836. The insurer has the burden of proving that a loss is subject to a policy exclusion. Norwood, supra.
In this appeal, the parties argue along the same lines as they did in the trial court. Counsel for Canterberry argues that the intentional act exclusion in the personal liability section of the policy is ambiguous, because the term "intentional acts" is not defined to specify whether subjective intent, objective intent, or both is required. Counsel refers us to the definition of "intentional loss" contained elsewhere in the policy. However, that term applies only in Section I of the policy pertaining to property coverages and is not used in the section of the policy pertaining to liability coverages. In arguing ambiguity in the policy, counsel cites Breland v. Schilling, 550 So.2d 609 (La.1989), Pique v. Saia, 450 So.2d 654 (La.1984), and Norwood v. Van Veckhoven, supra, all of which involved policies with language excluding liability coverage for bodily injury "either expected or intended from the standpoint of the Insured." These cases are distinguishable in that the applicable policy language in this instance is wholly different from that in the cases relied on by counsel.
Here, the exclusion at issue is found under Section II of the policy pertaining to liability coverages and provides:
1. Coverage E  Personal Liability and Coverage F  Medical Payments to Others do not apply to bodily injury or property damage:
a. resulting from intentional acts or directions by you or any insured. The expected or unexpected results of these acts or directions are not covered.
Although the policy does not define "intentional acts," the clear language of the exclusion applies to both expected or unexpected results of such acts. The plain intent of this language is to exclude coverage for intentional acts of an insured, even when the results of the acts may be unexpected. Thus, even if Spruell did not intend to break Russell's nose, the fact that he intentionally instigated an attack by hitting him numerous times and kicking him as he was being pulled away excludes coverage for the resulting injury. Having reviewed the deposition excerpts, we find no support for the description of the kick as the unintentional result of Spruell losing his balance while being pulled away from Russell. Spruell's deposition clearly indicates the kick was intentional rather than involuntary.
Moreover, our review of the policy reveals an additional exclusionary provision not pointed out or discussed by either party or the trial court. This pertinent provision in the exclusions under Section II of the policy pertaining to liability coverage likewise excludes coverage for personal liability and medical payments to others for bodily injury or property damage:
i. arising out of any acts, attempts, coercion, or threats of sexual or physical molestation, abuse, assault, or harassment caused, instigated or directed by any insured.
The deposition excerpts herein plainly show that Spruell instigated a physical assault on Russell and that Russell's injuries arose out of Spruell's acts. Thus, the trial *905 court correctly granted summary judgment for Farm Bureau.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed at appellants' costs.
AFFIRMED.