DOWNING, J.
| ^American Medical Enterprises, Inc. (American Medical)[1] appeals a summary judgment in favor of Audubon Insurance Company (Audubon), a property insurer, that recognized Audubon as the holder of mortgage notes on insured real estate owned by American Medical. This judgment further held American Medical, a corporate officer, and an alleged co-conspirator hable for the amount Audubon paid to the mortgagee, together with the costs it incurred in investigating the fraudulent claim. We reverse the summary judgment.
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). On a motion for summary judgment, the burden of proof is on the mover unless the mover will not bear the burden of proof at trial. See La. C.C.P. art. 966(C)(2).
American Medical’s president and owner of at least one-half of its stock was convicted in federal court of arson for causing a hotel own'ed by American Medical to be burned down. The initial issue raised by American Medical questions whether the criminal conviction of one of the chief operating officers of a corporation serves to bar civil litigation by the corporation resulting from the same basic facts that underlie the officer’s criminal conviction. American Medical argues that the conviction of its chief operating officer for arson does not establish an uncontested |sissue of material fact establishing liability on behalf of American Medical for insurance fraud. We agree.
Whether or not American Medical can be charged with the acts of its officer such that its corporate veil is pierced or that it can be considered the alter ego of its officer, criminal convictions are not admissible in Louisiana as conclusive proof of liability in a civil case. “Ordinarily, evidence is not admissible in a civil tort action to prove either that a party was charged with, ..., or convicted of, ..., a criminal offense arising out of the same accident.” Davis v. Bankston, 192 So.2d 614, 617 (La.App. 3 Cir.1966), citing Bertoli v. Flabiano, 116 So.2d 76, 79 (La.App. 1 Cir.1959) and Reidr-Elliott Motors v. Lee, 94 So.2d 160, 161-62 (La.App. 1 Cir.1957). It should be noted that these cases followed the then current common law jurisprudence. Here, since the corporate officer’s conviction is inadmissible to prove *1024 liability,[2] and the other evidence offered in support of the motion for summary judgment does not independently or conclusively establish the officer’s fault, no basis exists to grant summary judgment in favor of Audubon in that it has failed to show that it is entitled to judgment as a matter of law. See La. C.C.P. art. 966 B.
In Breeland v. Security Ins. Co. of New Haven, Conn., 421 F.2d 918, 921 (5th Cir. 1969), the federal Fifth Circuit observed that a prior criminal conviction is not conclusive of fault in a civil suit under Louisiana principles of res judicata. It noted, however, that the conviction could possibly be asserted under the common law doctrine of judicial estoppel, which it asserts is followed in Louisiana. It then noted that there is no Louisiana case squarely on point. Breeland observed that the |4trend in common law favored judicial estoppel in this regard. Id., p. 922. Since the common law basis for admissibility of criminal convictions in civil cases is trending in favor of admissibility, perhaps Louisiana should re-examine its interpretation of the common law doctrine. But this is a matter for the supreme court to review., We must follow the existing First Circuit jurisprudence.[3] See First Circuit Court of Appeal Internal Rules — Rule 2.1(d)(1).
DECREE
For the foregoing reasons, we reverse the grant of summary judgment rendered by the trial court. Costs of this appeal are assessed to Audubon Insurance Company.
REVERSED.
PETTIGREW, J., dissents,- and assigns reasons.
HUGHES, J., concurs with reasons.
McClendon, J., concurs and assigns reasons.

. American Medical is a corporation acquired by Elizabeth Boyette Smith and her husband Spencer Smith in 1998 from Robert Rosiere. On May 29, 1998, Mr. Rosiere purportedly transferred 1,000 shares solely to Ms. Smith. In a notarized statement dated June 3, 1998, Mr. Rosiere indicated that he transferred all the outstanding stock in American Medical to Elizabeth and Spencer Smith. Ms. Smith either owns all of the 1,000 shares of American Medical stock, or an undivided interest in all of said shares. This is just one of several significant facts that is unresolved for purposes of this motion.

. We note that under La. C.E. art. 609, evidence of convictions is admissible in some circumstances to attack a witness's credibility. Even so, it is well settled that trial judges cannot make credibility determinations on motions for summary judgment. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 00-2257 (La.2/29/00), 755 So.2d 226. Further, in the absence of a prohibitory statute, a plea of guilty in a criminal case is considered an admission against interest that is competent, but not conclusive, evidence in a civil action involving the same subject matter. Davis v. Bankston, 192 So.2d at 617. There was no guilty plea in the matter before us.

. In McCollough v. Dauzat, 98-1293 (La.App. 3 Cir. 3/3/99), 736 So.2d 914, 915, the Third Circuit ruled that “federal law must be applied in determining whether a federal court judgment has res judicata effect." Whether or not this assertion is correct, it appears that a conflict now exists between the First and Third Circuits.