HIGGINBOTHAM, J.
^Plaintiffs, Anthony Romano and his wife Melissa Romano, filed suit for damages against defendant, John Patrick Al-tentaler, and his homeowner’s insurer, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau). The trial court rendered summary judgment dismissing the Romanos’ claims against Farm Bureau, on the basis of an intentional act exclusion in the homeowner’s policy. The Romanos and Altentaler filed separate appeals, each asserting there are genuine issues of material fact concerning the applicability of the exclusion. For the following reasons, we affirm the trial court’s judgment.
FACTS
Anthony Romano is a detective in the Washington Parish Sheriffs Department. On September 9, 2007, Romano responded to a domestic dispute call emanating from John Patrick Altentaler’s house. According to Romano, when he and another deputy, Nick Dikes, entered the house, they discovered that Altentaler was in the bathroom taking a shower. They demanded that Altentaler exit the bathroom. When Altentaler opened the bathroom door, he was wearing boxer shorts and was dripping wet. As Romano and Dikes attempted to interrogate him, Altentaler became angry and began shouting for the deputies to leave his house. At some point, Alten-taler grabbed and/or pushed Romano’s arm in an effort either to make him leave or to get away. Romano reacted by pepper spraying Altentaler. The scuffle immediately escalated, and everyone slipped and fell onto the wet floor on top of Romano. Romano suffered an injury to his right shoulder that required several surgical procedures to repair. Romano filed suit for damages against Altentaler and Farm Bureau.
|sFarm Bureau filed a motion for summary judgment asserting that the homeowner’s policy did not provide coverage for bodily injury resulting from intentional acts. Farm Bureau contended that the expected and/or unexpected damages sustained by Romano arose out of the altercation that resulted from Altentaler’s intentional actions. Romano and Altentaler opposed the motion for summary judgment, arguing that a factual dispute existed as to exactly how Romano’s injury occurred and what caused the injury. Exhibits offered by the parties included a copy of the Farm Bureau policy, as well as the depositions of Romano and Alten-taler, and a certified copy of the court minutes pertaining to Altentaler’s guilty plea to charges of resisting a police officer, battery of a police officer, and public intimidation. The trial court granted *284 summary judgment in favor of Farm Bureau, finding that Altentaler clearly intended to push or shove Romano, which resulted in an altercation, the fall, and the injury to Romano. Essentially, the trial court concluded that Altentaler’s intentional act of pushing, shoving, and/or grabbing Romano was sufficient to trigger Farm Bureau’s policy exclusion.
LAW
An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Yokum v. 615 Bourbon Street, L.L.C., 07-1785 (La.2/26/08), 977 So.2d 859, 876. Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. Simmons v. Weiymann, 05-1128 (La.App. 1st Cir.8/23/06), 943 So.2d 423, 425. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Bilbo for Basnaw v. Shelter Ins. Co., 96-1476 (La.App. 1st Cir.7/30/97), 698 So.2d 691, 694, writ denied, 97-2198 (La.11/21/97), 703 So.2d 1312.
Summary judgment is usually not appropriate for claims based on subjective facts of motive, intent, good faith, knowledge, and malice. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006. However, an exception is recognized when no genuine issue of material fact exists concerning the relevant intent, and the only issue to he decided is the ultimate conclusion to be drawn from the uncontested material facts. See Jones, 870 So.2d at 1006 & 1010-11.
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La.Code Civ. P. art. 966(C)(2); Jones, 870 So.2d at 1006. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a genuine issue of material fact remains. Id. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Id. Furthermore, a case may be appropriate for summary judgment even when there are differing versions of the events, if the differences are not material. See Menson v. Taylor, 99-0300 (La.App. 1st Cir.4/17/00), 764 So.2d 1079, 1082-1083.
| r, ANALYSIS
The homeowner’s policy exclusion on which Farm Bureau relies in this case provides, in pertinent part:
SECTION II — EXCLUSIONS
[[Image here]]
1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
a. resulting from intentional acts or directions by you or any insured. The expected or unexpected results of these acts or directions are not covered. (Emphasis added.)
Farm Bureau had the burden of proving the applicability of the exclusionary clause in its homeowner’s policy. See Tunstall v. Stierwald, 01-1765 (La.2/26/02), 809 So.2d 916, 921; See also Kling v. Collins, 407 *285 So.2d 478, 480 (La.App. 1st Cir.1981). It must therefore prove that the bodily injury sustained by Romano was the expected or unexpected result of Altentaler’s intentional act or direction.
Our review of the record reveals that Farm Bureau has made a prima facie showing that: (1) Altentaler intentionally pushed and/or grabbed Romano in an attempt to move the officers out of his home and/or to get away,[1] and (2) the bodily injury sustained by Romano was the “unexpected” result of Altentaler’s intentional act. Accordingly, the burden shifted to Romano and/or Altentaler to present evidence demonstrating that genuine [(¡issues of material fact remained. We conclude that they have failed to meet this burden.
It is apparent to this court that whether Altentaler intended to actually harm or injure Romano is not a genuine issue of material fact because the exclusionary clause clearly and unambiguously states that the expected or unexpected re-suit of the intentional act is not covered by the policy. The plain intent of this language is to exclude coverage for intentional acts of an insured, even when the results of such acts may be unexpected. See Canterberry v. Chamblee, 41,940 (La. App.2d Cir.2/28/07), 953 So.2d 900, 904 (examining the same exclusionary clause language). Thus, it is irrelevant that Alten-taler may not have intended to actually injure Romano, and regardless of which version of the events leading to Romano’s injury is accepted, Farm Bureau is entitled to judgment as a matter of law. See Menson, 764 So.2d at 1084, and Richard v. Brasseaux, 10-409 (La.App. 3d Cir.11/3/10) 50 So.3d 282, 289, writ denied, 10-2673 (La.1/28/11), 56 So.3d 959.[2] The act of pushing and/or grabbing Romano and instigating a physical altercation with the police officers in an attempt to move them out of the house and/or to get away was certainly intentional — a fact that was not denied by Altentaler.[3] The result of *286 the intentional act, expected or not, 17was that Romano was injured. Therefore, the exclusionary clause clearly applies, and the trial court correctly granted summary judgment in favor of Farm Bureau.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be paid equally by plaintiffs, Anthony and Melissa Romano, and defendant, John Patrick Altentaler,
AFFIRMED.
PARRO, J., concurs.

. Farm Bureau submitted Romano’s and Al-tentaler’s deposition testimony in support of its motion for summary judgment. Romano testified that Altentaler’s touch to his arm "was intentional" and Altentaler knew what he was doing. Romano also testified that Altentaler was attempting to "get away," and in his intentional attempt to get away, the two officers and Altentaler immediately fell, and that was when Romano was injured. Alten-taler testified that he was intoxicated just hours before the incident and he had absolutely no memory of the scuffle, the fall, or Romano's injury. But Altentaler acknowledged that he physically struggled with both officers immediately upon opening the bathroom door and that he failed to comply with their commands.

. We distinguish the cases relied on by Romano and Altentaler, most notably Pique v. Saia, 450 So.2d 654, 655 (La.1984), and Bilbo, 698 So.2d at 694-695. Those cases involved completely different exclusionary clauses that focused on whether the injury was intended or expected from the standpoint of the insured, rather than whether the actual act that led to the injury was intended. See McCrea v. Mariche, 08-0074, pp. 3-4 (La.App. 1st Cir.6/6/08) (unpublished), 986 So.2d 256 (table), and Canterberry, 953 So.2d at 904.

.The record reflects that Altentaler ultimately pled guilty to second degree battery of a police officer after the incident. A guilty plea is an admission against interest that is relevant, but not conclusive, and admissible to prove fault in a civil action involving the same subject matter. See Shephard on Behalf of Shephard v. Scheeler, 96-1690 (La.10/21/97), 701 So.2d 1308, 1319; American Medical Enterprises, Inc. v. Audubon Ins. Co., 05-2006 (La. App. 1st Cir.6/8/07), 964 So.2d 1022, 1029, writ denied, 07-1405 (La.10/26/07), 966 So.2d 575; and Harris v. Dunn, 45,619 (La.App.2d Cir.9/22/10), 48 So.3d 367, 372. Thus, Alten-taler’s guilty plea may be considered evidence in determining intent, although it alone is not proof that he acted intentionally. See Harris, 48 So.3d at 372-373. All the surrounding circumstances must be examined to determine a person’s intent. Id., 48 So.3d at 373. Romano and Altentaler have not put forth any *286 evidence to suggest that they can prove that Altentaler’s acknowledged physical contact with Romano was accidental. Accordingly, we conclude that Farm Bureau is entitled to summary judgment.