HIGGINBOTHAM, J.
IsThis appeal arose out of a physical altercation between two substitute teachers and the trial court’s dismissal of one of the teacher’s homeowners’ insurer on summary judgment. We reverse and remand for further proceedings.
BACKGROUND
Plaintiff, Robert C. Estes, and defendant, Louis D. Boyne, Jr., are substitute teachers who were both interested in a long-term substitute teaching position at Fountainbleau High School in Mandeville, Louisiana. Apparently the two men had exchanged heated words about which one of them was entitled to the position, but on the evening of October 22, 2009, their verbal dispute became physical. After a volleyball game that both men attended at the school, Mr. Boyne approached Mr. Estes, who was conversing with a group of people inside the school gymnasium. The parties dispute what happened once Mr. Boyne reached the area where Mr. Estes was standing and what led to Mr. Boyne hitting Mr. Estes in the face before bystanders separated the two men. Mr. Estes claims that he removed and handed his glasses to a friend when he saw Mr. Boyne approaching, and then Mr. Boyne struck him in the face. Mr. Boyne indicates that after Mr. Estes removed his glasses, he felt threatened, because Mr. Estes immediately assumed a fighting posture. Mr. Boyne claims he simply reacted to the threat by attempting to defend himself and throw the first punch. It is undisputed that only Mr. Boyne threw a punch in the altercation.
Mr. Estes filed this lawsuit against Mr. Boyne and the St. Tammany Parish School Board (“School Board”), asserting that his jaw, neck, and shoulder were injured when Mr. Boyne negligently attacked him without just cause. Mr. Estes later added as a defendant, Mr. Boyne’s homeowners’ insurer, Encompass Insurance Company of America (“Encompass”), who allegedly provided liability insurance coverage for Mr. Boyne’s acts. The School Board and Mr. Boyne 13answered the lawsuit, generally denying all of Mr. Estes’ allegations. Encompass answered the lawsuit, denying coverage based on an intentional act exclusion in the insurance policy it had issued to Mr. Boyne.
On the same day it filed its answer, Encompass filed a motion for summary judgment, seeking dismissal of Mr. Estes’ suit pursuant to the intentional act policy exclusion. In support of its motion, Encompass filed a certified copy of the policy, as well as discovery responses filed by Mr. Estes and excerpts from Mr. Boyne’s deposition and the deposition of a witness, Irving “Jerome” Culbertson. Encompass also relied on a surveillance video purporting to show Mr. Boyne approaching and hitting Mr. Estes.[1]
The exclusion for intentional acts, as amended by endorsement, is found in the Encompass policy under the section for personal liability coverage. The exclusion provides, in pertinent part:
*1266 LOSSES WE DO NOT COVER
1. h. Intended by, or which may be reasonably expected to result from the intentional acts or omissions of one or more covered persons. This exclusion applies even if:
(1) Such covered person lacks the mental capacity to govern his or her conduct;
(2) Such bodily injury or property damage is of a different kind, quality, or degree than initially expected or intended; or
(3) Such bodily injury or property damage is sustained by a different person, entity, real or personal property, than intended or reasonably expected.
However, this exclusion does not apply to bodily injury resulting from the use of reasonable force by one or more covered persons to protect persons o[r] property.
Mr. Boyne opposed Encompass’s motion for summary judgment by filing an affidavit, attesting that he felt threatened by Mr. Estes and that he had acted spontaneously and instinctively in self-defense, with no intent to injure Mr. Estes. |4Mr. Estes also opposed the dismissal of Encompass on summary judgment, by referencing various deposition excerpts in his opposition memorandum; however, Mr. Estes did not offer any evidence to be filed into the record in opposition to Encompass’s motion.
After a hearing on April 11, 2012, the trial court took the matter under advisement, specifically leaving time for Encompass to file a reformatted copy of the school’s surveillance video into the record, as well as time for the opposing parties to file oppositions to the admission of the surveillance video. No oppositions were filed into the record. On June 13, 2012, the trial court granted a summary judgment in favor of Encompass, signing a judgment dismissing Encompass from the lawsuit. Mr. Estes and Mr. Boyne filed separate appeals from the partial final judgment. They essentially make the same argument, that is, that the trial court erred in granting summary judgment, because genuine issues of material fact remain as to whether Mr. Boyne’s actions were intentional or spontaneous and instinctive and whether Mr. Boyne acted in self-defense. Mr. Estes also maintains that the trial court erred in relying on the surveillance video, because it required the trial court to make a subjective interpretation of a factual conclusion that is inappropriate for summary judgment.
LAW AND ANALYSIS
This court reviews summary judgment de novo, considering the same criteria applied by the trial court in deciding whether summary judgment is appropriate. Romano v. Altentaler, 2011-0303 (La.App. 1st Cir.9/14/11), 77 So.3d 282, 284. Under the provisions of La.Code Civ. P. art. 966(B)(2), the party seeking summary judgment is required to prove two elements: (1) that no genuine issues of material fact exist, and (2) that it is entitled to judgment as a matter of law. If the mover meets its burden of proving these two issues, the burden shifts to the party opposing the motion to “produce factual support sufficient to establish that 15he will be able to satisfy his evidentiary burden of proof at trial.” See La.Code Civ. P. art. 966(C)(2).
Summary judgment may be rendered on the issue of insurance coverage alone. See Romano, 77 So.3d at 284. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the *1267 motion, under which coverage could be afforded. Id. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Jarrell v. Travis, 2004-0117 (La.App. 1st Cir.2/11/05), 906 So.2d 551, 553.
Summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Id. But, an exception is recognized when no genuine issue of material fact exists concerning the relevant intent or motive, and the only issue to be decided is the ultimate conclusion to be drawn from the uncontested material facts. See Romano, 77 So.3d at 284. However, the issue of subjective intent is fact-intensive and is an issue to be determined by the totality of the circumstances examined on a case-by-case basis. Inzinna v. Walcott, 2002-0582 (La.App. 1st Cir.11/21/03), 868 So.2d 721, 726. See also Baggett v. Tassin, 2009-0803 (La.App. 5th Cir.3/23/10), 39 So.3d 666, 670-671.
In this case, Mr. Boyne argues that there is a genuine issue of material fact as to whether he acted in self-defense. Mr. Boyne contends that he simply reacted spontaneously and instinctively to the situation presented when he walked up to Mr. Estes after the volleyball game, because he “felt threatened by the actions of [Mr.] Estes ... squaring off in a fighting posture” immediately after he tapped Mr. Estes on the shoulder. Mr. Boyne stated in his affidavit that he was defending |fihimself when he threw the first punch, because he was afraid that Mr. Estes was about to hit him, and he did not intend to injure Mr. Estes in any manner. Encompass’s intentional act exclusion clearly does not apply to injuries “resulting from the use of reasonable force to protect persons[.]” Thus, the question of whether Mr. Boyne used reasonable force for his protection is obviously determinative of the outcome of this litigation. Based on the facts presented, summary judgment is inappropriate as to this issue.
Even the testimony of an independent witness, Mr. Culbertson, does not assist in resolving the issue. Mr. Culbertson stated that he thought it was strange, but Mr. Estes handed over his watch for Mr. Culbertson to hold while he was conversing with others after the game. When Mr. Culbertson turned to see what was going on, he witnessed Mr. Boyne punch Mr. Estes in the face. However, Mr. Culbertson did not witness what happened immediately prior to Mr. Estes being punched, and he specifically testified that he did not notice Mr. Boyne’s actions prior to the assault.
Thus, the only evidence in the record consists of the conflicting versions of the altercation given by Mr. Estes and Mr. Boyne. The surveillance video shows Mr. Boyne’s approach, as well as movement on the part of Mr. Estes immediately prior to Mr. Boyne’s lunging toward Mr. Estes with his arm outstretched. It is impossible to determine by watching the video whether Mr. Boyne used reasonable force to protect himself in this situation or whether he aggressively struck Mr. Estes for no apparent reason. Based on the evidence, summary judgment is inappropriate as to the self-defense limitation presented in the intentional act exclusion of Encompass’s policy. We are unable to find that Encompass’s policy unambiguously excludes coverage for this incident as a matter of law, because the subjective intent of Mr. Boyne is a critical factual issue — a genuine issue of ]7material fact— that is still to be determined. Thus, the case is not ripe for summary judgment.
*1268 CONCLUSION
For the reasons stated, we reverse the summary judgment rendered by the trial court in favor of Encompass on the issue of insurance coverage, and we remand this matter for further proceedings. All costs of this appeal are to be paid by defendant-appellee, Encompass Insurance Company of America.
REVERSED AND REMANDED.
PARRO, J., concurs.
McLENDON, J., dissents and assigns reasons.
CRAIN, J., dissents for reason assigned by Judge McLENDON.

. The video was submitted as an exhibit attached to Encompass’s reply memorandum in support of its motion for summary judgment.