# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-387 consolidated with 20-102


TABITHA WROTEN, GUARDIAN FOR MARTHA DEEN

VERSUS

FERRIDAY AUTO VENTURES, LLC,
D/B/A LAKESIDE FORD AND BRYAN JACKSON


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 51433 A
HONORABLE KATHY JOHNSON, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.


**REVERSED.**

**Charles S. Norris, Jr.**
**Christopher J. Norris**
**Norris Law Firm, LLC**
**P.O. Box 400**
**8 North Oak Street**
**Vidalia, LA 71373**
**(318) 336-1999**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Tabitha Wroten, Guardian For Martha Deen**

**Joseph A. Boothe**
**Smith, Taliaferro & Purvis**
**P.O. Box 298**
**407 Mound Street**
**Jonesville, LA 71373**
**(318) 336-5526**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Ferriday Auto Ventures, LLC d/b/a Lakeside Ford**
  **Bryan Jackson**

**H. Minor Pipes, III**
**Stephen L. Miles**
**Patrick J. Lorio**
**Pipes, Miles, Beckman, LLC**
**1100 Poydras Street, Suite 1800**
**New Orleans, LA 70163**
**(504) 322-7070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Wesco Insurance Company**

**GREMILLION, Judge.**

The appellant, Tabitha Wroten, Guardian for Martha Deen, appeals the trial court's judgment granting summary judgment in favor of Wesco Insurance Company, the insurer of defendant, Ferriday Auto Ventures, LLC d/b/a as Lakeside Ford. For the following reasons, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2018, Deen purchased a Hyundai Accent from Lakeside Ford. In her petition for damages filed on April 20, 2018, Wroten claims that she made it clear to the Lakeside employee, Bryan Jackson, that because Deen was not able to make financial decisions, she would accompany Deen for the final sale of the vehicle. Wroten alleged that Lakeside Ford took advantage of an elderly and mentally infirm person; failed to adequately train, supervise, and hire its employees; obtained the sale of a movable by deception and unfair trade practices; converted Deen's trade-in vehicle; and failed to exercise reasonable care under the circumstances, resulting in inconvenience, humiliation, mental anguish, loss of use of her vehicle, diminished value of her vehicle, and general damages. Wroten claims that the salesman, Jackson, told Deen that he had spoken to Wroten and that she had approved the sale, when, in fact, he had not spoken with Wroten.

According to her petition, despite Wroten and Deen returning to the dealership as soon as Wroten returned to town, less than twenty-four hours after the sale was confected, Lakeside refused to rescind the sale and return Deen's trade-in vehicle. Deen delivered the Hyundai she purchased to Lakeside. The pair returned the following day to demand that the trade-in vehicle be returned, but Lakeside refused. On Monday, April 9, 2018, Wroten returned to Lakeside Ford with a note from Deen's physician stating that she did not have the capacity to make financial decisions, but Lakeside refused to rescind the deal.

In her first amended petition, Wroten alleged that Lakeside "intentionally misrepresented material facts to Ms. Deen on April 5, 2018, pressuring her into signing the alleged auto contract documents under duress." She sought rescission of the sale due to lack of capacity and lack of consent since there was no meeting of the minds. In her second amended petition, Wesco was made an additional defendant. Wesco filed an answer and affirmative defenses to Wroten's petition.

On September 3, 2019, Wesco filed a motion for summary judgment, arguing that the intentional acts exclusion of its policy applied to provide no coverage for Wroten's claims because there was no "accident" as defined by its policy, and the policy excludes intentional acts. It attached the insurance policy to its motion.

On November 5, 2019, Wroten filed an opposition to Wesco's motion for summary judgment. Attached to its opposition were excerpts from Deen's deposition, the deposition of Kenneth Ray Binns, Ph.D., excerpts from the deposition of Jackson, and excerpts from the deposition of Lawrence Vaughn, the sales manager at Lakeside Ford.

On November 14, 2019, Wesco filed a reply in support of its motion for summary judgment. It attached the depositions of Wroten and Deen to its reply memoranda. On November 18, 2019, Wroten filed a motion to strike Wesco's exhibits to its reply brief under La.Code Civ.P. art. 966B(3). The trial court struck Wroten's deposition from the record but allowed Deen's deposition. Wroten applied for supervisory writs from the trial court's oral rulings of November 21, 2019, which granted Wesco's summary judgment and partially granted Wroten's motion to strike exhibits.

The trial court's written judgment, filed December 5, 2019, granted summary judgment in favor of Wesco and dismissed Wroten's claims against it. Wroten now appeals and assigns as error:[1]

1. The trial court erred in granting defendant Wesco's motion for summary judgment as to insurance coverage; and

2. The trial court erred in partially granting Plaintiff's motion to strike exhibits in defendant Wesco's reply brief.

## DISCUSSION

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its opinion in *Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765 (per curiam) (alteration in original):

We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

---

[1] This docket number 20-387 was a writ application (docket number 20-103) that was converted to an appeal, docket number 20-103 (grant of summary judgment dismissing Wesco Insurance Company was a final, appealable judgment). This appeal (20-387) is consolidated with docket number 20-102, which was a writ pertaining to a partial grant of a motion to strike, that we ordered consolidated with this appeal.

3

Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/19/03), 853 So.2d 645. "[I]nterpretation of an insurance policy is a question of law," and we have "authority to construe the provisions of the policy in order to resolve questions of coverage." *Stoute v. Long*, 98-683, p.8 (La.App. 3 Cir. 12/9/98), 722 So.2d 102, 107.

"Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La.Civ.Code art. 2048. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. "A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." La.Civ.Code art. 2056. If an exclusionary clause is deemed ambiguous, an insurance policy must be liberally construed in favor of coverage; provisions susceptible of different meanings must be interpreted to render coverage effective rather than ineffective. La.Civ.Code art. 2049; *see Capital Bank & Trust Co. v. Equitable Life Assurance Soc'y*, 542 So.2d 494 (La.1989). If more than one reasonable view of the exclusion provision exists, "any ambiguity must be construed against the insurance company and in favor of the reasonable construction that affords coverage." *RPM Pizza, Inc. v. Auto. Cas. Ins. Co.*, 601 So.2d 1366, 1369 (La.1992).

**THE POLICY**

The intentional acts exclusion relied upon by Wesco states:

This insurance does not apply to the following:

1. Expected or Intended Injury

4

"Bodily Injury" or "property damage" *expected or intended from the standpoint of the insured.*[2]

Lakeside argues that the exclusion applies from the standpoint of the claimant and that since Wroten argues that the Jackson intentionally misled Deen, no coverage is available. Lakeside argues that the unambiguous policy language clearly excludes that which Wroten alleges: that Jackson intentionally took advantage of Deen. Wroten, on the other hand, argues that the exclusion applies from the standpoint of the insured. And since Lakeside Ford and Jackson deny all wrongdoing, the intentional exclusion does not apply.

The trial court did not provide reasons for its decision. The facts that are undisputed in this case are that Jackson sold Deen a vehicle and accepted her car as a trade-in. According to Wroten, this sale took advantage of Deen in a number of ways. According to Jackson, he had no indication that Deen was unable to complete the sale. The genuine issue of fact in this case is what Jackson's intent truly was, which cannot be summarily determined for purposes of determining insurance coverage under this policy. A full hearing on the merits will be necessary to discern if Jackson intended the damage that Wroten alleges. The plain language of the policy provision excluding coverage states that coverage is excluded for injury expected or intended by the insured. We cannot say what Jackson intended because there is no evidence in the record that allows us to make that determination.

In its reply in support of its motion for summary judgment, Wesco states, "Taken to its conclusion, Plaintiff is arguing that an insurance policy's intentional act exclusion could never apply to bar coverage for a plaintiff's third-party insurance claim unless the insured admits fault and liability." This is precisely the reason why

---

[2] We note that, although the issue of whether "bodily injury" or "property damage" resulting from an "accident" according to the terms of the policy were mentioned in Wesco's motion, summary judgment was granted pursuant to the intentional act exclusion.

the intent of the alleged tortfeasor must be determined other than through summary judgment. This case does not contain facts supporting an intentional act exclusion that require little to no further analysis such as assault, battery, sexual assault and the like, of which there are many cases enforcing the exclusion. Even in cases involving physical aggression, when the intent to injure is obvious, courts have refused to apply the exclusion until it can be determined the degree of injury the tortfeasor intended. *See Breland v. Schilling*, 550 So.2d 609 (La.1989). An injury resulting from the more subtle act of coercive behavior or mental manipulation is, necessarily, going to require a fact intensive determination of intent.

A panel of this court recently explained why summary judgment is not appropriate under facts such as these where intent is a central issue in the case:

> Summary judgment may be rendered on the issue of insurance coverage alone. *See Romano* [*v. Altentaler*, 2011-0303 (La.App. 1st Cir. 9/14/11), 77 So.3d 282] at 284. *However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, <u>when applied to the undisputed material facts</u> shown by the evidence supporting the motion, under which coverage could be afforded. Id.* Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. *Jarrell v. Travis*, 2004-0117 (La.App. 1 Cir. 2/11/05), 906 So.2d 551, 553.

> *Summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Id*. But, an exception is recognized when no genuine issue of material fact exists concerning the relevant intent or motive, and the only issue to be decided is the ultimate conclusion to be drawn from the uncontested material facts. *See Romano*, 77 So.3d at 284. *However, the issue of subjective intent is fact-intensive and is an issue to be determined by the totality of the circumstances examined on a case-by-case basis. Inzinna v. Walcott*, 2002-0582 (La.App. 1st Cir. 11/21/03), 868 So.2d 721, 726. *See also Baggett v. Tassin*, 09-803 (La.App. 5 Cir. 3/23/10), 39 So.3d 666, 670-671.

*Wise v. O'Neil*, 20-3, p. 7 (La.App. 3 Cir. 6/17/20), 299 So.3d 185, 190-91 (quoting *Estes v. St. Tammany Par. Sch. Bd.*, 12-1750, pp. 5-6 (La.App. 1 Cir.

6/7/13), 118 So.3d 1264, 1266-68, *writ denied*, 13-1946 (La. 11/8/13), 125 So.3d 457). Accordingly, the subjective intent of Jackson in selling Deen the vehicle is a critical issue in determining whether the exclusion applies and must be decided by the trier of fact. *Id.* The trier of fact must consider all the facts and circumstances of a particular situation to determine intent. *Id.* Jackson's intent cannot be ascertained from the pleadings alone under this fact scenario.

Wroten's second assignment of error pertains to the exclusion of her deposition from Wesco's reply, but not Deen's. Louisiana Code of Civil Procedure Article 966(B)(3) currently states: "Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum." Wesco's reply memorandum included Deen and Wroten's depositions, which had been taken on October 14, 2019, nearly six weeks after Wesco filed its summary judgment. The trial court struck Wroten's deposition but allowed Deen's deposition. We find this issue immaterial to our determination. Including or excluding the depositions does not change the fact that Jackson's intent cannot be determined without further proceedings. We find summary judgment was inappropriately granted. Accordingly, we reverse the grant of summary judgment in favor of Wesco and remand for proceedings consistent with this opinion.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Wesco Insurance Company is reversed, and it is assessed with all costs of this appeal.

**REVERSED**.