# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2012

No. 11-30709

Lyle W. Cayce
Clerk

ANTHONY MOSE, JR.; TRACEY F. MOSE; MERLIE FUSELIER; DONALD R. WATTS; DELLA WATTS; ET AL,

Plaintiffs - Appellants

v.

KEYBANK NATIONAL ASSOCIATION,

Defendant - Appellee

---

GABRIEL HAUSMANN, JR.; ET AL,

Plaintiffs - Appellants

v.

KEYBANK NATIONAL ASSOCIATION,

Defendant - Appellee

---

TERRI T. MCGOVERN,

Plaintiff - Appellant

v.

KEYBANK NATIONAL ASSOCIATION,

Defendant - Appellee

No. 11-30709

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-162

---

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs–Appellants purchased condominiums in Baton Rouge, Louisiana, from Perkins Rowe I, LLC and Perkins Rowe Associates II, LLP (collectively, "Perkins Rowe") between July 1, 2008, and November 1, 2008. The condominiums were part of a large, multi-use development project undertaken by Perkins Rowe. However, in 2009, financial problems caused Perkins Rowe to cease all construction, and ultimately, Plaintiffs' condominiums were worth far less than Plaintiffs had paid. On March 18, 2011, Plaintiffs filed suit against Defendant–Appellee KeyBank National Association ("KeyBank") seeking the repurchase of their condominium units, as well as additional damages. Plaintiffs asserted claims of fraud, negligent representation, unjust enrichment, and detrimental reliance under Louisiana state law. KeyBank was Perkins Rowe's lender with regard to the development project and had entered into an agreement to lend Perkins Rowe $170,000,000. Plaintiffs alleged that KeyBank had control over the sales of condominiums and allowed the sales to occur despite its knowledge that the project was underfunded and was likely headed toward foreclosure.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] KeyBank ultimately did initiate foreclosure proceedings against Perkins Rowe.

No. 11-30709

Plaintiffs' claims of fraud and negligent representation were predicated on their assertion that KeyBank had a duty to disclose details to them about the financial health of its customer, Perkins Rowe. Plaintiffs did not allege that they had a contractual relationship with KeyBank or that they had any contact at all with KeyBank in connection with their condominium purchases. However, they argued that KeyBank's awareness of Perkins Rowe's financial problems, as well as KeyBank's control over various aspects of the condominium sales, created disclosure obligations and made KeyBank's failure to disclose actionable.

The United States District Court for the Middle District of Louisiana granted KeyBank's motion to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), concluding, *inter alia*, that KeyBank did not owe a duty of disclosure to Plaintiffs. Plaintiffs timely appealed the district court's judgment dismissing their fraud and negligent representation claims.

## II. DISCUSSION

"We review a district court's decision on a 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On appeal, Plaintiffs contend that the district court erred by concluding that KeyBank did not owe a duty to disclose Perkins Rowe's financial condition to them. Plaintiffs had predicated their claims of fraud and negligent representation on KeyBank's failure to disclose this information, and both claims required the existence of disclosure obligations running from KeyBank to Plaintiffs. *See Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412,

No. 11-30709

418 (5th Cir. 2008); *America's Favorite Chicken Co. v. Cajun Enters., Inc.*, 130 F.3d 180, 186 (5th Cir. 1997).

"In Louisiana, a duty to disclose does not exist absent special circumstances, such as a fiduciary or confidential relationship between the parties, which, under the circumstances, justifies the imposition of the duty." *Kadlec*, 527 F.3d at 420. "[T]he existence of a duty is a question of law, and we review the duty issue here *de novo*." *Id.* (footnote omitted). This court has stated that "[u]nder Louisiana law, banks ordinarily owe *no duty*, fiduciary or otherwise, to third persons." *Eubanks v. FDIC*, 977 F.2d 166, 170 n.3 (5th Cir. 1992) (emphasis added). However, Louisiana courts examine whether there is a duty to disclose on a case-by-case basis. *See Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1016 (La. 1993).

Plaintiffs contend that KeyBank was the primary financial beneficiary of the condominium conversions and sales, which gave it a pecuniary interest in the transactions. They assert that KeyBank's pecuniary interest creates a duty of disclosure under *Greene v. Gulf Coast Bank*, 593 So. 2d 630 (La. 1992), and *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 527 F.3d 412 (5th Cir. 2008). The *Greene* court stated that, while "[o]rdinarily a bank and depositor have a debtor-creditor relationship with no independent duty of care imposed on the bank[,] . . . certain special circumstances, such as a fiduciary relationship between the bank and depositor, will give rise to a duty." *Greene*, 593 So. 2d at 632. Plaintiffs contend that, under *Kadlec*, the pecuniary interest KeyBank had in Perkins Rowe's condominium sales constitutes a special circumstance creating disclosure obligations, as described in *Greene*. However, contrary to Plaintiffs' assertions, the *Kadlec* court made clear that a pecuniary interest is an additional requirement to the special circumstances that justify imposing a duty to disclose and, standing alone, is not a sufficient basis for imposing disclosure obligations. 527 F.3d at 421–22.

4

No. 11-30709

Plaintiffs also contend that KeyBank owed a duty of disclosure because an ordinary ethical person in like circumstances would have disclosed Perkins Rowe's financial condition to Plaintiffs. The Louisiana Supreme Court has noted that "courts have tended to impose a duty [to disclose] when the circumstances are such that the failure to disclose would violate a standard requiring conformity to what the ordinary ethical person would have disclosed." *Bunge Corp. v. GATX Corp.*, 557 So. 2d 1376, 1384 (La. 1990). However, Louisiana Revised Statute § 6:333 provides that "no bank or its affiliate shall disclose any financial records to any person other than the customer to whom the financial records pertain, unless such financial records are disclosed" in limited circumstances not applicable here. Consequently, KeyBank could be subjecting itself to liability under § 6:333 by disclosing information about its customer, Perkins Rowe, and disclosure under these circumstances would not be expected of the ordinary ethical person. Thus, the imposition of disclosure obligations on KeyBank is unsupported by Louisiana caselaw.[2]

In fact, Louisiana caselaw addressing the disclosure obligations owed by banks strongly suggests that KeyBank did not owe disclosure obligations to Plaintiffs. For instance, in *Glass v. Berkshire Development*, 612 So. 2d 749 (La. App. 5 Cir. 12/16/92), condominium owners grew dissatisfied with the quality of the condominium renovation and sued several defendants, including Hibernia National Bank ("Hibernia"), the entity that had provided Berkshire with a loan to buy and renovate the complex. *Id.* at 750. The court, however, concluded that Hibernia did not owe a duty to the individual condominium purchasers, noting that "[u]nder Louisiana law a bank owes no duty to a third person with whom

---

[2] Plaintiffs also contend that KeyBank owed disclosure obligations under § 552 of the Second Restatement of Torts. However, this court has noted that "§ 552—by its own terms requires an affirmative misstatement, not just a non-disclosure." *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 630 (5th Cir. 2007).

a bank customer (here the developers) does business." *Id.* at 753 (citation omitted). Similarly, in *Guidry v. Bank of LaPlace*, 661 So. 2d 1052 (La. App. 4 Cir. 9/15/95), the court concluded that "[t]he Bank of LaPlace was clearly under no duty to disclose information about its customer (Martin) to a non-customer (Guidry)." *Id.* at 1059 (citations omitted). Finally, in *Priola Construction Corp. v. Profast Development Group, Inc.*, 21 So. 3d 456 (La. App. 3 Cir. 10/7/09), the court concluded that Louisiana Revised Statute § 6:1124 "foreclose[s] the possibility of a lawsuit against a bank for negligent misrepresentation unless there was a contract or written agreement that the financial institution had a fiduciary obligation to the person claiming negligent misrepresentation." *Id.* at 462.[3] Thus, Louisiana caselaw reflects the reluctance of its courts and its legislature to impose disclosure obligations on banks with regard to third parties, and it further undermines Plaintiffs' contention that KeyBank owed disclosure obligations to them.

In sum, imposing disclosure obligations in the instant case does not align with Louisiana's caselaw or its statutes. Therefore, we conclude that KeyBank did not owe a duty to disclose information to Plaintiffs about Perkins Rowe's financial health. Because Plaintiffs' claims on appeal depend on the existence of such disclosure obligations, their claims necessarily fail.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court dismissing Plaintiffs' claims. Costs shall be borne by Plaintiffs.

---

[3] In the instant case, there was no contract or written agreement between Plaintiffs and KeyBank.