Judgment rendered September 23, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,564-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

PRIORITY HOSPITAL GROUP, INC.                    Appellant

versus

JAMES MANNING, PATHWAY
HEALTHCARE, LLC, PATHWAY
REHABILITATION HOSPITAL OF
BOSSIER, LLC, and DAN BOB TURNER        Appellees

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 148,429

Honorable Ford E. Stinson, Jr., Judge

* * * * *

LUNN, IRION LAW FIRM                    Counsel for Appellant
By: Ronald E. Raney
    William H. Priestley, Jr.

AYRES, SHELTON, WILLIAMS,               Counsel for Appellees
BENSON & PAINE, LLC
By: J. Todd Benson

* * * * *

Before STONE, COX, and THOMPSON, JJ.

**COX, J.**

This suit arises out of the 26th Judicial District Court, Bossier Parish, Louisiana. Priority Hospital Group, LLC ("Priority"), appeals the trial court's granting of the motion for partial summary judgment filed by James Manning, Pathway Healthcare, LLC ("Pathway Healthcare"), Pathway Rehabilitation Hospital of Bossier, LLC ("Pathway Hospital"), and Dan Bob Turner (defendants collectively referred to as "Pathway Defendants"). The partial summary judgment dismissed with prejudice Priority's claims against Mr. Manning, Mr. Turner, and Pathway Hospital and dismissed Priority's claims for attorney fees against all parties. Priority's breach of contract claim against Pathway Healthcare was preserved, as well as a claim against Cornerstone Healthcare Group. For the following reasons, we respectfully reverse the trial court's granting of the motion for partial summary judgment.

## FACTS

Priority filed suit against Pathway Defendants on October 15, 2015. Priority alleged the following in its petition. Priority contacted Pathway Defendants on May 22, 2013, about purchasing Pathway Hospital. During negotiations, Pathway Defendants stated they would require a nonrefundable deposit of $400,000. Priority claims it did not agree to these terms, but did agree to pay a $100,000 refundable deposit. On July 23, 2013, Priority sent a letter of intent ("LOI") to Pathway Healthcare regarding the potential acquisition of Priority Hospital.

Pathway Hospital operates within Cornerstone Hospital. Cornerstone Hospital owns and leases the premises to Pathway Hospital. Priority claims that it needed to meet with Cornerstone privately concerning the lease before

purchase, but Pathway Defendants would not allow it and insisted one of their representatives be present at all meetings. Priority claims that by November 13, 2013, Pathway Defendants had not provided all of their financial records and had not consented to Priority meeting with Cornerstone. In December of 2013, Pathway Defendants allowed Priority to meet with Cornerstone.

On January 27, 2014, Priority learned from Cornerstone that Pathway Defendants were in breach of their existing lease and any lease renewal would contain additional terms. Priority claims Pathway Defendants intentionally concealed these facts. On March 25, 2014, Priority notified Pathway Defendants that it would withdraw from the purchase negotiations. Priority claims that when it asked Pathway Defendants for the return of the deposit, they gave excuses as to why it would be delayed. Priority states that Pathway Defendants only claimed the deposit was nonrefundable once they learned Priority would pursue legal action.

Pathway Defendants answered the petition on November 13, 2015, denying the allegations. Mr. Manning, Mr. Turner, and Pathway Hospital also filed a motion for partial summary judgment arguing Mr. Manning and Mr. Turner should be dismissed because they only acted as agents and never obligated themselves in their personal capacity. They argued Pathway Hospital should be dismissed because it had "no contractual privity…, no duty, contractual or otherwise, with [Priority]." They also argued that Priority's claims were frivolous, not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and interposed for an improper purpose, such as to harass or needlessly increase the cost of litigation.

In his affidavit, Mr. Manning states that he and Mr. Turner are the only members of Pathway Healthcare, which is the owner of Pathway Hospital. He states that as agents for Pathway Healthcare, they received a letter of intent and confidentiality agreement from Priority. He states the $100,000 check was paid by Priority to Pathway Healthcare and was endorsed by Pathway Healthcare. He states that he never informed Priority that he would be personally guaranteeing any obligation of Pathway Healthcare and would not sign an indemnity agreement. Mr. Turner's affidavit mirrors Mr. Manning's affidavit.

Attached to Priority's opposition to the motion for summary judgment is Kemp Wright's affidavit. Mr. Wright is a partner in Priority. He verifies Priority's account of the events leading up to the suit.

Mr. Manning stated in his deposition, that in his opinion, the untimely lease payments had been taken care of early in negotiations, which was by the middle of August of 2013. He stated that Priority knew (through face-to-face meetings and phone calls) that they were a distressed property, which was the reason behind the relatively low purchase price. He also stated that he told Priority (over the phone) that Cornerstone added additional provisions to the assignment of the lease.

Pathway Defendants filed a reply memo in support of the motion for summary judgment. They argued Priority did not properly plead a cause of action for fraud against Mr. Manning or Mr. Turner, and even if it did properly allege fraud, it cannot prevail because it could have found out the information without difficulty, inconvenience, or special skill. They also argue that Priority asserts no cognizable claim for redhibition. Priority responded with a supplemental memo in opposition to the motion for summary judgment.

3

On July 13, 2016, the trial court denied the motion for partial summary judgment. The trial court found there was a genuine issue of material fact. The trial court stated that Priority was not asserting a claim of fraud by silence, but of fraud by action (misrepresentations, intentional nondisclosures, and intentional concealing).

Pathway Defendants filed a writ with this Court, which was denied because exercise of this Court's supervisory jurisdiction was not warranted. They also filed a writ with the Louisiana Supreme Court, which was denied.

On April 17, 2017, Priority filed an amended petition, adding Cornerstone as a defendant. It asserts that Mr. Manning and Mr. Turner made intentional misrepresentations which they did not assert during negotiations—that Cornerstone was incorrect in its statement of the lease being in default. It claims that Cornerstone and Pathway Defendants colluded to drive up the price of the new lease between Priority and Cornerstone.

On April 25, 2019, Pathway Defendants filed a second motion for partial summary judgment. They argued the trial court should dismiss Priority's fraud claims, or in the alternative, dismiss Priority's claims for attorney fees. Pathway Defendants asserted the same arguments as before that Mr. Manning, Mr. Turner, and Pathway Hospital had no contractual privity with Priority. They also argued that discovery revealed no fraud on the part of Pathway Defendants.

A hearing on the motion was held August 26, 2019. On September 20, 2019, the trial court granted Pathway Defendants' motion for partial summary judgment, dismissing with prejudice the claims against Mr. Manning, Mr. Turner, and Pathway Hospital. It also dismissed with prejudice Priority's claims for attorney fees. The trial court did not dismiss Priority's breach of contract

4

claims against Pathway Healthcare and Cornerstone. In its oral reasons at the hearing, the trial court found that there was no duty to disclose because of the lack of relationship. The trial court highlighted Mr. Wright's deposition where he said "no" when asked whether the defendants misrepresented anything in terms of the lease and stated that no one lied to him about the lease ever being in default. The trial court found there were no genuine issues of material fact. As to attorney fees, the trial court stated, "I agree that this is not the type [of] action that would prompt or would justify the awarding of attorney fees so I'm granting the motion for partial summary judgment on both of the issues."

Priority now appeals.

## DISCUSSION

Priority argues that Pathway Defendants misrepresented the status of its lease with Cornerstone and had a duty to disclose the lease information. It argues that Pathway Defendants committed fraud by silence or inaction under La. C.C. art. 1953. Priority argues that under the LOI, Pathway Defendants had a contractual duty to cooperate with it and provide accurate information. It argues the trial court erred in dismissing all claims against Mr. Manning, Mr. Turner, and Pathway Hospital.

Pathway Defendants argue that they did not make any misrepresentations. They also argue that there can be no fraud by silence because there was no duty to speak based on a relationship of confidence between the parties.

We review the granting of the motion for summary judgment *de novo*. A *de novo* standard of review is required when an appellate court considers rulings on summary judgment motions, and the appellate court must use the same criteria that governed the trial court's determination of whether summary

5

judgment was appropriate. *Bank of New York Mellon v. Smith*, 2015-0530 (La. 10/14/15), 180 So. 3d 1238; *Johnson v. Bhandari*, 52,545 (La. App. 2 Cir. 2/27/19), 266 So. 3d 961, *writ denied*, 2019-0658 (La. 6/17/19), 274 So. 3d 572. A court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

The judge considering a motion for summary judgment is not to weigh the evidence or determine the truth of the matter; rather, the judge's role is to determine whether there is a genuine issue of fact for trial. *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. A genuine issue is one about which reasonable persons could disagree. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Whether a fact is "material" for purposes of summary judgment is determined in light of the substantive law applicable to the particular case. *Id.* Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, yet it may be granted on such issues when "no issue of material fact exists concerning the pertinent intent." *Jones v. Estate of Santiago*, 2003-1424 (La. 4/14/04), 870 So. 2d 1002; *AG Res. Mgmt., LLC. v. Bunge N. Am., Inc.*, 53,417 (La. App. 2 Cir. 3/4/20), 293 So. 3d 1179.

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. La. C.C. art. 1953. When fraud is based on silence or suppression of the truth, the

6

plaintiff must prove a duty to speak or disclose the information. *McCarthy v. Evolution Petroleum Corp.*, 47,907 (La. App. 2 Cir. 2/27/13), 111 So. 3d 446, *writ denied*, 2013-1022 (La. 6/28/13), 118 So. 3d 1097. Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. This exception does not apply when a relation of confidence has reasonably induced a party to rely on the other's assertions or representations. La. C.C. art. 1954. Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957.

The basic elements to an action for fraud against a party to a contract are: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and, (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract. *Shelton v. Standard/700 Associates*, 2001-0587 (La. 10/16/01), 798 So. 2d 60; *Port City Ventures, L.L.C. v. Angle*, 52,745 (La. App. 2 Cir. 8/14/19), 277 So. 3d 522, *writ denied*, 2019-01671 (La. 12/10/19), 285 So. 3d 491. In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally. La. C.C.P. art. 856

Additionally, to find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information. *Greene v. Gulf Coast Bank*, 593 So. 2d 630 (La. 1992); *Port City Ventures, L.L.C. v. Angle, supra.* Whether one party owes another a duty to speak depends on the nature of the relationship between the parties and the nature of the information allegedly

7

suppressed. *Louisiana State Univ. Sys. Research & Tech. Found. v. Qyntessa Biologics, L.L.C.*, 2014-0311 (La. App. 1 Cir. 12/12/14), 168 So. 3d 468. Jurisprudence demonstrates a relation of confidence arises when there is a family relationship involved and where there is a longstanding and close relationship between the parties due to numerous transactions, but the confidant/trustee relationship is less likely to exist between parties to a single or limited business transaction. *Port City Ventures, L.L.C. v. Angle, supra.*

Both parties cite this Court's case, *Port City Ventures, L.L.C. v. Angle, supra,* to support their arguments. While we do find that case helpful in discussing the law of fraud by silence, that case was decided after a bench trial on the matter. In the case before us, we are not reviewing a trial, but a motion for summary judgment. In a motion for summary judgment, we are to determine if there are genuine issues of material fact, not weigh the evidence and rule on the issue.

In the summary judgment ruling before us, the trial court focused on the proof of fraud by silence. It found that there was no duty owed to Priority, and therefore, no fraud by silence. We find that there are genuine issues of material fact regarding misrepresentations of the lease and reverse the dismissal of all claims. Priority may or may not be able to ultimately prevail on its allegations against Pathway Defendants.

To bring a claim for fraud, the plaintiff must allege that (1) there was a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage, damage, or inconvenience to another; and, (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to contract. Reasonable minds could differ as

8

to whether there were misrepresentations in this case. For example, Mr. Manning stated in his deposition that he discussed negotiations with Priority over the phone and at in-person meetings. He stated that he believed he called Priority about the change in lease terms when he received the information from Cornerstone regarding more onerous terms. Priority claims it did not know anything about the changes in the lease terms until it received information from Cornerstone. This discrepancy on whether or not the lease changes were communicated is a material issue related to whether or not there was a misrepresentation.

A Cornerstone representative stated in an email to Mr. Wright that the lease terms were "prompted by a default and the proposed sale of Pathway's interest to a new entity." Mr. Manning states in his deposition that his belief was that there was no default issue because the matter had been remedied when they caught up on their payments and made timely payments in the following months. This creates a genuine issue at to whether Pathway was aware of Cornerstone's stance on the default and then misrepresented or suppressed this fact during negotiations with Priority.

The second element of fraud involves the intent/motive/good faith of an actor, which is subjective in nature, in which case summary judgment is seldom appropriate. There are genuine issues regarding whether Pathway Defendants intentionally made misrepresentations to Priority. Mr. Manning admitted that a default lease is an important factor in a business deal. As stated above, Mr. Manning also stated in his deposition that he did not think there was anything to tell Priority about the lease being in default because he did not think it was in

default. He stated he thought the issue "had been put to bed." Summary judgment is not appropriate in determining the intent of Pathway Defendants.

As to whether Mr. Manning and Mr. Turner should be dismissed from the suit, La. R.S. 12:1320(D) provides:

> Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any *fraud* practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him. (emphasis added)

Under this provision, the limitation of liability normally afforded a member of a limited liability company does not apply if the member (1) engages in fraud, (2) commits a negligent or wrongful act, or (3) breaches a professional duty. *Wilson v. Two SD, LLC*, 2015-0959 (La. App. 1 Cir. 12/23/15), 186 So. 3d 103. Fraud is not defined in La. R.S. 12:1320(D). The Louisiana Supreme Court uses the fraud civil code articles (La. C.C. arts. 1953, et seq.) to define fraud regarding liability of members and managers to third parties. *Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So. 3d 888. In *Ogea v. Merritt*, the Louisiana Supreme Court found, "With no record evidence of fraud, there is nothing to trigger the fraud exception under La. R.S. 12:1320(D), by which [Defendant] could be held personally liable notwithstanding that he was a member of the LLC." Therefore, if there are sufficient allegations of fraud, the fraud exception under La. R.S. 12:1320(D) could be triggered and the members could be held liable. Priority pursues Mr. Manning and Mr. Turner on the basis of fraud. Under the facts of this case, there are genuine issues of material fact regarding fraud. We do not opine on whether Priority will be successful in

10

proving its claims, but reverse on the basis that genuine issues remain, which preclude summary judgment.

*Attorney Fees*

Priority argues the trial court erred in dismissing its claim for attorney fees. Pathway Defendants argue the trial court was correct because rescission of the contract is not a remedy, warranting an award of attorney fees.

As a general rule, attorney fees are not allowed in Louisiana except where authorized by a particular statute or provided for by contract. *Benton v. Clay*, 48,245 (La. App. 2 Cir. 8/7/13), 123 So. 3d 212. La. C.C. art. 1958 provides, "The party against whom rescission is granted because of fraud is liable for damages and attorney fees." In discussing an instance when rescission was not sought, the Louisiana Supreme Court stated the following:

> In seeking the costs of a new roof, they are essentially asking for rescission of the contract as to the roof. In addition, the comparable articles on redhibition also award attorney fees where the seller "declares the thing has a quality that he knows it does not have ..." Accordingly, the Meltons are liable for damages for their fraud even though the Stutts are only seeking a new roof, and these damages include attorney fees.

*Stutts v. Melton*, 2013-0557 (La. 10/15/13), 130 So. 3d 808. Article 1958 does not provide for attorney fees for all cases of fraud, but only for those where the type of fraud is a vice of contractual consent for which the remedy is rescission of the contract. *Johnson v. Henry*, 2016-0271 (La. App. 1 Cir. 10/31/16), 206 So. 3d 916.

Because we are allowing Priority's claim for fraud, we pretermit our discussion of attorney fees. Priority will be required to prove it is entitled to attorney fees based on the Louisiana Civil Code and applicable jurisprudence.

11

## CONCLUSION

For these reasons, we respectfully reverse the granting of the motion for partial summary judgment and remand this case for further proceedings. Appellees bear the costs associated with this appeal.

**REVERSED AND REMANDED.**